**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION**

**CRIMINAL CASE NO. 3:08cr259-2**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| | ) | |
| **vs.** | ) | **PRELIMINARY ORDER** |
| | ) | **OF FORFEITURE** |
| | ) | |
| **LATOYA BLAKENEY.** | ) | |
| | ) | |

**THIS MATTER** is before the Court on the Government's Motion for

Preliminary Order of Forfeiture [Doc. 117].  No response has been received

from the Defendant.

**PROCEDURAL HISTORY**

On December 17, 2008, the Defendant was charged with conspiracy

to commit wire fraud, conspiracy to commit identity theft, wire and bank

fraud, aggravated identity theft, and counterfeiting, in violation of 18 U.S.C.

§§1349, 1028(f), 1343, 1344, 1028A, and 513. [Doc. 3].  The indictment

contains a notice of forfeiture of

all currency and monetary instruments which were received during, involved in, or used or intended to be used to facilitate the crimes alleged in this bill of indictment, including ... the following, seized on May 28, 2008:

    a.    $125,000 worth of United States currency and merchandise;
    b.    All stolen, forged and counterfeited securities;
    c.    All fake or forged identity documents;
    d.    All gift cards.

[Id., 13].

On March 24, 2009, the Defendant entered into a plea agreement with Government pursuant to which she agreed to plead guilty to Count One, conspiracy to commit wire fraud, and Count Fourteen, aggravated identity theft. [Doc. 102].  The plea agreement contains the following provision:

The defendant will truthfully disclose all monies, negotiable instruments, securities, or other things of value that are proceeds of or have been involved in, or have been used or intended to be used to facilitate a violation of state or federal law.  The defendant further agrees to voluntarily forfeit said property to the United States.

...

The defendant forfeits and otherwise waives any ownership right in all items seized during the investigation of the acts alleged in the Bill of Indictment including, but not limited to, all assets specifically listed in the Bill of Indictment and all assets listed in any separate list or consent order signed by the defendant.

[Id., at 8, 10].

On April 1, 2009, the Defendant attended her Rule 11 hearing and

entered her plea of guilty to Counts One and Fourteen. [Doc. 108]. The

Government thereafter moved for a preliminary order of forfeiture.

## DISCUSSION

Federal Rule of Criminal Procedure 32.2(b) provides in pertinent part:

As soon as practicable after a ... plea of guilty ... is accepted, on
any count in an indictment ... regarding which criminal forfeiture
is sought, the court must determine what property is subject to
forfeiture under the applicable statute. If the government seeks
forfeiture of specific property, the court must determine whether
the government has established the requisite nexus between the
property and the offense. ... The court's determination may be
based on evidence already in the record, including any written
plea agreement[.]

Fed.R.Crim.P. 32.2(b)(1).

The introductory portion of the bill of indictment describes the

conspiracy as involving the theft of securities and identification documents

by certain members thereof and the purchase of the same by the

Defendant. These securities and identification documents were then used

to purchase merchandise at retail stores. Some of the items bought were

later returned and cash was received in exchange. The indictment also

alleges that the Defendant

did open new bank accounts from Federal Deposit Insurance
Corporation [] insured financial institutions, falsify names and
forged signatures on those stolen securities (checks) making
them payable to the defendants, deposit stolen securities into

those accounts as if they were legitimate, and then withdraw funds from those accounts, causing a loss to the bank.

[Doc. 3, at 2].

The Defendant is charged in Count One with conspiracy to commit wire fraud. By virtue of the introductory paragraphs, which are incorporated into Count One, the Defendant has pled guilty to conspiracy to commit wire fraud which affected financial institutions. 18 U.S.C. §982(a)(2) provides that a court shall order a person convicted of conspiracy to commit wire fraud affecting a financial institution to forfeit "to the United States any property constituting, or derived from, proceeds the person obtained directly or indirectly as the result of such violation." 18 U.S.C. §982(a)(2)(A).

In Count Fourteen, the Defendant has pled guilty to aggravated identity theft. The provisions of 18 U.S.C. §982(a)(2) also apply to identity theft and provide that any property constituting the proceeds of or derived from identity theft are subject to forfeiture. 18 U.S.C. §982(a)(2)(B).

In its motion, the Government specifically identifies two categories of items which were seized during the investigation on May 28, 2008; currency and gift cards. [Doc. 117, at 1]. These two categories were also included in the forfeiture notice of the indictment. [Doc. 3, at 13]. The

Defendant has agreed in her plea agreement that these items are to be forfeited. [Doc. 102, at 10]. Although it would have been preferable for the Government to have included an allegation that these specific items constituted or were derived from the proceeds the Defendant obtained as a result of the crimes, the Court finds the admissions of the Defendant in her plea agreement establish a nexus between the property listed below and the offense. As a result, the Court will enter a preliminary order of forfeiture as to those items.

As to the other items, "thirteen (13) miscellaneous gift cards and an unknown number of Wal-Mart gift cards," the Court will require further clarification of the identities of the entities which issued the gift cards and a specific number of Wal-Mart gift cards.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Government's Motion for Preliminary Order of Forfeiture [Doc. 117] is hereby **GRANTED IN PART AND DENIED IN PART** without prejudice.

**IT IS FURTHER ORDERED** that the following items are hereby preliminarily forfeited to the United States for disposition according to law:

1. $1,450.00 in United States currency;

2.   Seven (7) Visa gift cards; and

3.   One (1) Belk gift card.

**IT IS FURTHER ORDERED** that the United States may file on or before fifteen (15) days from entry of this Order clarification as to the other items for which it seeks preliminary forfeiture.

**IT IS FURTHER ORDERED** that the United States shall comply with all applicable substantive and procedural provisions prior to seeking a final order of forfeiture and shall provide notice thereof to the Court.

Martin Reidinger
United States District Judge

Signed: June 29, 2009